JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
Abigail A. Zelenski (SBN 228610)
David Zelenski (SBN 231768)
Christine M. Pham (SBN 278247)
114 North Brand Boulevard, Suite 200
Glendale, California 91203
michael@jlglawyers.com
abigail@jlglawyers.com
david@jlglawyers.com
christine@jlglawyers.com
Telephone:  (818) 630-7280
Facsimile:  (888) 879-1697

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy (SBN 134180)
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
E-mail:  info@glancylaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STORY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAMMOTH MOUNTAIN SKI AREA, LLC, a Delaware limited-liability company,<br><br>Defendant. | Case No.<br><br>**CLASS-ACTION COMPLAINT**<br><br>1. Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff PAUL STORY brings this class action on behalf of himself and all others similarly situated against MAMMOTH MOUNTAIN SKI AREA, LLC ("MAMMOTH"), a Delaware limited-liability company, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. As alleged below, Defendant has violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, through its unauthorized contact of consumers on their cellular telephones. Specifically, Defendant has violated the TCPA by contacting individuals on their cellular telephones through an artificial telephone dialing system and/or by using an artificial or prerecorded voice without first obtaining their express written consent, invading their right to privacy.

3. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to, *inter alia*, statutory damages and injunctive relief for Defendant's violations.

## JURISDICTION AND VENUE

4. *Jurisdiction*. Federal and state courts have concurrent jurisdiction over suits arising under the TCPA. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012). This Court therefore has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. This Court has personal jurisdiction over MAMMOTH because MAMMOTH has purposefully availed itself of the resources and protection of California, conducts business in and has systematic contacts with California, and resides in California.

5. *Venue*. As alleged more particularly below, venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 because MAMMOTH resides in the County of Mono.

## PARTIES

6. Plaintiff is, and at all times relevant to this action was, a California resident of the County of Los Angeles. He is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

7. Plaintiff is informed and believes, and based thereon alleges, that MAMMOTH is a Delaware limited-liability company with its principal place of business located at 1 Minaret Road, Mammoth Lakes, California 93546 in the County of Mono. MAMMOTH is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

## *GENERAL ALLEGATIONS*

8. Plaintiff is informed and believes, and based thereon alleges, that MAMMOTH operates, manages, and owns the ski resort located at 1 Minaret Road, Mammoth Lakes, California 93546.

9. On or about April 15, 2014, Plaintiff received a prerecorded- or artificial-voice telephone call from MAMMOTH on his cellular telephone (telephone number (818) --- – 2094). The incoming telephone call from MAMMOTH was from telephone number 800-626-6684 (*i.e.*, 800-MAMMOTH). Plaintiff had never given any signed authorization to anyone expressly permitting MAMMOTH—or anyone acting on MAMMOTH's behalf—to use his cellular-telephone number for telemarketing or advertising purposes. The prerecorded- or artificial-voice message was an advertisement to purchase season passes at the MAMMOTH ski resort.

10. On or about April 23, 2014, Plaintiff received a prerecorded- or artificial-voice telephone call from MAMMOTH on his cellular telephone (telephone number (818) --- – 2094). The incoming telephone call from MAMMOTH was from telephone number 800-626-6684 (*i.e.*, 800-MAMMOTH). Plaintiff had never given any signed authorization to anyone expressly permitting MAMMOTH—or anyone acting on MAMMOTH's behalf—to use his cellular-telephone number for telemarketing or advertising purposes. The prerecorded- or artificial-voice message was an advertisement to purchase season passes at the MAMMOTH ski resort.

11. The 818 area-code prefix for Plaintiff's cellular-telephone number is a Los Angeles County, California area code. Plaintiff's cellular-telephone number is linked to a subscription plan under which he is charged each month for cellular-telephone and data

services.

12.  Plaintiff is informed and believes, and based thereon alleges, that his cellular-telephone number was entered into a database and that MAMMOTH subsequently used equipment capable of storing and/or producing telephone numbers, as well as capable of dialing such numbers, to make the above unsolicited, prerecorded- or artificial-voice telephone calls *en masse* to consumers within that database, including Plaintiff.  Indeed, given the sheer volume of telephone calls made to the public—as described in paragraph 14, *infra*—transmission was possible only through the use of such automated equipment.

13.  The above-alleged calls that Plaintiff received were clearly sent without an emergency purpose, as they were sent for the purposes of advertisement or telemarketing to encourage the purchase of goods and services at the MAMMOTH ski resort in Mammoth Lakes, California.

14.   Plaintiff is informed and believes, and based thereon alleges, that MAMMOTH placed thousands of similar calls, all for advertising or telemarketing purposes, to the cellular-telephone numbers of members of the general public using the equipment referenced in paragraph 12, *supra*.  Plaintiff is further informed and believes, and based thereon alleges, that MAMMOTH never obtained signed authorizations expressly permitting advertising or telemarketing calls from any of the individuals to whom the calls were placed.

## *CLASS-ACTION ALLEGATIONS*

15.  Plaintiff seeks to represent the following Class under Rule 23 of the Federal Rules of Civil Procedure:  All persons throughout the United States who, since October 16, 2013, received one or more prerecorded- or artificial-voice telephone calls on their cellular telephones from MAMMOTH, or any person or entity acting on behalf of MAMMOTH, made for a marketing or advertising purpose.

16.  Plaintiff reserves the right to amend or modify the proposed Class, or to propose subclasses or limitations to particular issues, in response to facts later

ascertained.

17. *Numerosity*.  The identities of Class Members may be ascertained from MAMMOTH's own business and marketing records, as well as the records of MAMMOTH's telephone provider(s).  Joinder of all Class Members would be impracticable due to the sizeable number of such Members and their likely lack of resources to initiate individual claims.  Plaintiff estimates that thousands of telephone calls were sent to well-over the forty individuals required for numerosity purposes.  Also, as explained below, the amount that is owed to any given Class Member under the TCPA is relatively small, making it impractical for them to bring their own individual suits.

18. *Commonality*.  There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual Class Members.  These common questions include, without limitation:

   a) Whether the prerecorded- or artificial-voice telephone calls constitute telemarketing or advertising within the meaning of the TCPA and its regulations (quoted below);

   b) Whether the equipment used to make the prerecorded- or artificial-voice telephone calls constitutes an automatic telephone dialing system within the meaning of the TCPA and its regulations;

   c) Whether prior express written consent was required under the TCPA before making any of the prerecorded- or artificial-voice telephone calls; and

   d) Whether the outright failure to secure any prior express written consent constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

19. *Typicality*.  Plaintiff's claims are typical of those of the Class because he received prerecorded- or artificial-voice telephone calls from MAMMOTH advertising or promoting MAMMOTH's goods or services on or after October 16, 2013, on his cellular telephone; he never provided prior express written consent to receive those calls; and the calls were placed to him using the same equipment used to place calls to all Class

Members on their cellular telephones.

20. *Adequacy*.  Plaintiff will fairly and adequately represent and protect the interests of the Class.  He is not aware of any conflicts with Class Members, and he plans on pursuing the litigation vigorously.  He also has the same interests as those of the Class, and he has retained counsel who are competent and experienced in class-action litigation.  In addition, he has been actively involved in the litigation, he will continue to participate and be available for the duration of the litigation, and he understands the duties that he holds to the Class.

21. *Superiority*.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Again, the individual joinder of all Class Members is impracticable because of the relatively small recovery amounts at stake and the relative lack of resources available for individual Class Members vis-à-vis the large corporate Defendants.  Additionally, the judicial system would be burdened with multiple trials of the same issues, and the potential for inconsistent or contradictory judgments would increase.  The common questions detailed above, in fact, predominate in this action, as Class Members' claims arise out of the same course of conduct to which Plaintiff was himself subject.  A class action would therefore conserve the resources of the parties and the Court while protecting the rights of Class Members.  MAMMOTH's conduct as described above is unlawful, continuing, capable of repetition, and will continue unless restrained and enjoined by the Court.  Moreover, it is a matter of public interest to obtain definitive answers to the legality of MAMMOTH's actions in a single case.

## *FIRST CLAIM FOR RELIEF*

*Violation of the TCPA*

*47 U.S.C. § 227*

22. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

23. The United State Congress enacted the TCPA in order to protect and balance

individual privacy rights against legitimate telemarketing practices. In enacting this statute, Congress found:

> (1) The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.
>
> . . . .
>
> (10) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> (11) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.
>
> (12) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Telephone Consumer Protection Act of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

24.     The TCPA specifically prohibits automated calls or messages to consumers' cellular-telephone numbers without the express consent or permission of the consumers:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1).

25.     Under the relevant regulation, effective October 16, 2013, "prior express consent" as used in subsection (b)(1)(A)(iii) of the TCPA means "prior express *written* consent" for all telemarketing or advertising messages. 47 C.F.R. § 64.1200(a)(2) (emphasis supplied). Such consent must be signed by the consumer, must state that the consumer is agreeing to receive future telemarketing or advertising calls and messages, and must be executed independent of any purchase of goods or services. Id. § 64.1200(f)(8).

26. The foregoing acts and omissions of MAMMOTH constitute a direct violation of the TCPA.

27. The TCPA establishes a private right of action for making prerecorded-or-artificial-voice telephone calls to consumers:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every prerecorded-or-artificial-voice telephone call that they received. Moreover, because MAMMOTH willfully and knowingly violated the TCPA as alleged above, Plaintiff and the Class are entitled to treble damages. Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff and the Class are entitled to injunctive relief.

## *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. An order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure;

2. With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiff and the Class for the period of time since October 16, 2013, as well as for injunctive relief;

3. An award of pre-judgment and post-judgment interest, to the extent allowable by law;

4. An award of attorney's fees and costs of suit, to the extent allowable by law; and

/ / / / /

5. Such further relief as the Court deems fit and proper.

Dated:  October 15, 2014

Jaurigue Law Group

/s/ *Michael J. Jaurigue*

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Christine M. Pham
*Attorneys for Plaintiff*

Dated:  October 15, 2014

Glancy Binkow & Goldberg

/s/ *Mark S. Greenstone*

Lionel Z. Glancy
Mark S. Greenstone
*Attorneys for Plaintiff*

## *DEMAND FOR JURY TRIAL*

Plaintiff requests a trial by jury as to all claims for relief.

Dated:  October 15, 2014

Jaurigue Law Group

/s/ *Michael J. Jaurigue*

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Christine M. Pham
*Attorneys for Plaintiff*

Dated:  October 15, 2014

Glancy Binkow & Goldberg

/s/ *Mark S. Greenstone*

Lionel Z. Glancy
Mark S. Greenstone
*Attorneys for Plaintiff*