UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STORY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAMMOTH MOUNTAIN SKI AREA, LLC, a Delaware limited-liability company,<br><br>Defendant. | No. 2:14-cv-2422 JAM DAD<br><br><br>ORDER |

On December 19, 2014, defendant filed a motion to stay these proceedings and noticed that motion for hearing before the assigned District Judge on February 11, 2015. (Dkt. No. 17.) Thereafter, on January 7, 2015, defendant filed a motion for a protective order seeking to stay the conducting of discovery pending resolution of their motion for a stay and noticed that motion for hearing before the undersigned Magistrate Judge on January 30, 2015. (Dkt. No. 18.)

On January 9, 2015, at 5:33 p.m., plaintiff filed a motion to compel the deposition of defendant's employee Tammy Innocenti and noticed that motion for hearing before the undersigned just fourteen days later on January 23, 2015.[1] (Dkt. No. 19.) Plaintiff contends that

---

[1] Normally, pursuant to Local Rule 251(a), a discovery disagreement could not be heard on less than twenty-one days' notice. Plaintiff's filing asserts that his motion is brought pursuant to Local Rule 251(e), which provides that a discovery disagreement may be heard on fourteen days' notice when there has been a complete and total failure to respond to a discovery request. It is not

1

1 Ms. Innocenti's deposition is necessary to allow him to file his opposition to defendant's motion
2 to stay.  Specifically, plaintiff contends that defendant's motion for stay is supported only by Ms.
3 Innocenti's unsworn declaration in which she states that plaintiff provided consent to the making
4 of automated calls to his cellular telephone number.  Plaintiff suggests that Ms. Innocenti's
5 statements in this regard are not accurate and that if he can establish as much defendant's motion
6 for stay must be denied because the pending petitions before the FCC will not address the issue
7 presented by this action.  Accordingly, plaintiff argues, Ms. Innocenti's deposition must be taken
8 prior to the filing of their opposition to defendant's motion for stay.  Finally, plaintiff has also
9 filed an ex parte application for an order shortening time seeking to have his motion to compel
10 heard even earlier than the noticed hearing date of January 23, 2105.  (Dkt. No. 20.)

11       The undersigned's only law and motion calendar prior to January 23, 2015 is on January
12 16, 2015.  The court concludes that there is simply not sufficient time to allow time for the parties
13 to brief the relevant issues and for the court to consider their arguments by January 16, 2015.
14 Moreover, defendant's motion for a protective order prohibiting all discovery pending resolution
15 of their motion for stay is obviously closely related to issue raised by plaintiff's motion to
16 compel.  Accordingly, plaintiff's motion for an order shortening time with respect to his motion
17 to compel deposition will be denied.

18       Defendant has proposed, in part, that the undersign advance the hearing of defendant's
19 motion for protective order from January 30, 2015, to January 23, 2015, the same day plaintiff's
20 motion to compel deposition is currently set for hearing.[2]  The undersigned finds that the adoption
21 /////
22

---

23 clear from plaintiff's filing that the parties' dispute regarding the deposition of Ms. Innocenti falls within the purview of Local Rule 251(e).  That issue need not be resolved however since
24 defendant has stated a willingness to have plaintiff's motion to compel deposition heard in conjunction with its motion for protective order on January 23, 2015.
25

26 [2] Defendant has also requested that the undersigned continue the hearing of its motion to stay from February 11, 2015, to February 18, 2015, in order to provide plaintiff's counsel additional
27 time to file the opposition to the motion to stay.  The undersigned cannot do so and instructs defendant's counsel to contact the Courtroom Deputy of the assigned District Judge to arrange
28 having the hearing on defendant's motion to stay moved to a later available calendar.

of that proposal will promote efficiency in the resolution of the parties' discovery dispute. If the undersigned concludes that the taking of Ms. Innocenti's deposition, or any other discovery, is necessary and appropriate in connection with resolution of defendant's pending motion for a stay, the undersigned will order that discovery and advise the assigned District Judge who may then consider the further rescheduling of the hearing on defendant's motion for stay so as to allow time for the completion of that discovery and the briefing on the motion for stay.

Accordingly, IT IS ORDERED that:

1. Plaintiff's January 9, 2015 ex parte application for an order shortening time (Dkt. No. 20) is denied;

2. The hearing of defendant's January 7, 2015 motion for a protective order (Dkt. No. 18) is advanced to **Friday, January 23, 2015, at 10:00 a.m.**, at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27, before the undersigned;

3. On or before January 16, 2015, the parties shall file a single joint statement addressing the issues raised by both plaintiff's motion to compel deposition and defendant's motion for protective order and that complies with the requirements of Local Rule 251(c); and

4. Any party may appear at the January 23, 2015 hearing telephonically if the party pre-arranges such appearance by contacting Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than 48 hours before the hearing.

Dated: January 13, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\story2422.ost.den.ord.docx