# FILED

NOV 7 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STORY, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>MAMMOTH MOUNTAIN SKI AREA, LLC, a Delaware limited-liability company,<br><br>  Defendant. | Case No. 2:14-CV-02422-JAM-DB<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT<br><br>*Assigned to Hon. John A. Mendez*<br><br>Date: November 7, 2017<br>Time: 1:30 p.m.<br>Courtroom: 6 |

Plaintiff Paul Story's "Motion for Preliminary Approval of Class-Action Settlement" came on for hearing in courtroom 6 of the above-captioned Court on November 7, 2017.[1] Mark Greenstone and David Zelenski, of Glancy Prongay & Murray LLP and the Jaurigue Law Group, respectively, appeared on behalf of Plaintiff; Jeffrey Willian and Jordan Heinz, of Kirkland & Ellis LLP, appeared on behalf of Defendant Mammoth Mountain Ski Area, LLC.

Having read the Motion for Preliminary Approval of Class-Action Settlement and all of the papers filed in connection therewith, and having heard the arguments of counsel, the Court finds that the proposed Settlement appears to be fair, reasonable, and adequate; and that a Final Fairness Hearing should be held after the Class Notice is disseminated to finally determine whether the Settlement is fair, reasonable, and adequate. **IT THEREFORE IS ORDERED AS FOLLOWS**:

1. The Motion for Preliminary Approval of Class-Action Settlement is granted. For the purpose of settlement only, the Court finds that certification of the Class is appropriate because (a) the Class is ascertainable and sufficiently numerous; (b) there are questions of law and fact that are common to the Class, and those questions predominate over any questions affecting individual Class Members; (c) Plaintiff's claims are typical of the claims of the Class; (d) Plaintiff and Class Counsel are adequate representatives of the Class; and (e) a class action is superior to other available methods for adjudicating the Action. Furthermore, the Court finds that (a) the terms of the Settlement Agreement appear to be fair and reasonable to the Class when balanced against the probable outcome of further litigation relating to class certification, liability and damage issues, and potential appeals; (b) Class Counsel is experienced in class-action litigation, including litigation under the Telephone Consumer Protection Act; (c) significant investigation was undertaken, and significant information was exchanged, enabling Plaintiff and Defendant to reasonably evaluate one another's positions; (d) approving the Settlement Agreement will avoid the substantial costs, delay, and risks that would be presented by further litigation; and (e) the terms of the Settlement Agreement were the result of intensive, serious, and non-collusive negotiations between Plaintiff and Defendant, including two days of private mediation. Accordingly, the Court

---

[1] Unless otherwise noted, all capitalized terms used herein have the meanings set forth in the Settlement Agreement attached as Exhibit 1 to the "Declaration of David Zelenski in Support of Plaintiff's Motion for Preliminary Approval of Class-Action Settlement."

1

preliminarily finds that the Settlement Agreement falls within the range of possible final approval and therefore meets the requirements of preliminary approval.

2. The Court conditionally certifies the following Class for the purpose of settlement only: all persons throughout the United States who, during the period of time from January 1, 2013, through December 31, 2014, received at least one prerecorded- or artificial-voice telephone call on their respective cellular or landline telephones from Defendant, or from any person or entity acting on behalf of Defendant, made for a marketing or advertising purpose.

3. The Court conditionally appoints Glancy Prongay & Murray LLP and the Jaurigue Law Group as Class Counsel.

4. The Court conditionally appoints Paul Story as the Class Representative.

5. The Court conditionally appoints Postlethwaite & Netterville (P&N) as the Settlement Administrator.

6. The Court conditionally approves, as to form and content, the Long-Form Notice, the Postcard Notice, and the E-Mail Notice contemplated by the Settlement Agreement. The Court finds that the Class Notice contemplated by the Settlement Agreement, including the manner for disseminating the Class Notice, constitutes the best notice practicable under the circumstances and is in full compliance with the laws of the United States and the requirements of due process. The Court further finds that the Class Notice appears to fully and accurately inform Class Members of all material terms of the Settlement Agreement, including the manner in which Individual Settlement Payments will be calculated; the right to submit, and procedure for submitting, Requests for Exclusion from the Settlement Class; and the right to object, and procedure for objecting, to the Settlement Agreement.

7. Because the Settlement Agreement is within the range of possible final approval, the Court adopts and incorporates the provisions of the Settlement Agreement, including, but not limited to, the following:

   a. No later than ten (10) business days after the date of this Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the Class Data for purposes of preparing and disseminating the Class Notice to Class Members.

   b. No later than twenty-eight (28) calendar days after the date that Defendant

provides the Class Data to the Settlement Administrator, the Settlement Administrator shall mail the Postcard Notice (which consists of the Summary Notice and Claim Form contemplated by the Settlement Agreement) to the Class. At the same time that the Postcard Notice is initially mailed to the Class, the Settlement Administrator shall e-mail the E-Mail Notice (which consists of the Summary Notice and Claim Form contemplated by the Settlement Agreement) to the Class. Also at the same time that the Postcard Notice is initially mailed to the Class, the Settlement Administrator shall establish the Settlement Website (at which the online Claim Form contemplated by the Settlement Agreement will be made available).

        c.      Class Members shall have until ninety (90) calendar days after the Settlement Administrator first mails the Postcard Notice to the Class to submit Claim Forms to the Settlement Administrator, and shall have until sixty (60) calendar days after the Settlement Administrator first mails the Postcard Notice to the Class to submit Requests for Exclusion to the Settlement Administrator and to file objections with the Court.

        (i)      Class Members may submit the online Claim Form to the Settlement Administrator at the Settlement Website. Alternatively, Class Members may submit the Claim Form included with the Postcard Notice to the Settlement Administrator by mail. Class Members also may submit the Claim Form included with the E-Mail Notice to the Settlement Administrator by mail, e-mail, or facsimile. The Summary Notice included with the Postcard Notice, as well as the Summary Notice included with the E-Mail Notice, shall specify the address of the Settlement Website, at which relevant information about the Settlement will be made available, including, but not limited to, all applicable deadlines, the Settlement Agreement, the Long-Form Notice, all papers filed by the Parties in support of the Settlement Agreement (including Plaintiff's anticipated motion for Attorney's Fees and Expenses), orders of the Court pertaining to the Settlement Agreement, and contact information for reaching the Settlement Administrator. A copy of the Claim Form included with the E-Mail Notice may be requested by contacting the Settlement Administrator.

        (ii)     To be considered valid, a Request for Exclusion must contain the case name and number of the Action; the full name, current address, phone number, and signature of the Class Member; and a clear statement communicating that he or she elects to be excluded from the

Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement. Any Class Member who submits a valid Request for Exclusion will not be entitled to any recovery under the Settlement Agreement; will not be bound by the terms of the Settlement Agreement; and will not have any right to object to, appeal from, or comment on the Settlement Agreement. All Class Members who do not submit valid Requests for Exclusion in accordance with the Settlement Agreement will be bound by the Final Order and the Final Judgment.

       (iii)    To be considered valid, an objection must be in writing and must contain the case name and number of the Action; the full name, current address, phone number, and signature of the Class Member; a statement of his or her objection, and the reasons for each objection; a statement of whether he or she intends to appear at the Final Fairness Hearing (with our without counsel); and a statement, sworn under penalty of perjury pursuant to 28 U.S.C. § 1746, attesting to the fact that he or she received at least one prerecorded- or artificial-voice telephone call on his or her telephone from, or on behalf of, Defendant, made for a marketing or advertising purpose, during the period of time from January 1, 2013, through December 31, 2014. No objection shall be considered unless these requirements are satisfied.

    d.    A Final Fairness Hearing will be held on _March 13, 2018_ 9am, at _1:30 PM_ 9am in courtroom 6 of the above-captioned Court. All papers in support of the final approval of the Settlement shall be filed and served no later than thirty-two (32) calendar days after the Settlement Administrator first mails the Postcard Notice to the Class.

    e.    At least seven (7) calendar days before the Final Fairness Hearing, the Parties shall file a list of the persons who have submitted Requests for Exclusion, a list of those persons who have submitted objections, and the details regarding the number of Claim Forms received by the Settlement Administrator.

    f.    The deadline for any interested party to file a reply to any objection is seven (7) calendar days before the Final Fairness Hearing.

8.    Pursuant to the terms and conditions of the Settlement Agreement, the Parties shall take all necessary and appropriate steps to establish the terms and conditions of the Settlement Agreement.

9.    Other than the proceedings necessary to implement and complete the Settlement,

including the proceedings contemplated herein, all proceedings in the Action are stayed and suspended pending the Final Fairness Hearing. Plaintiff and Class Members are enjoined from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any Released Claims pending the Final Fairness Hearing.

**IT IS SO ORDERED.**

Dated: 11·7·2017

Hon. John A. Mendez
U.S. District Judge