FILED

MAR 13 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STORY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MAMMOTH MOUNTAIN SKI AREA, LLC, a Delaware limited-liability company,<br><br>    Defendant. | Case No. 2:14-CV-02422-JAM-DB<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS-ACTION SETTLEMENT<br><br>*Assigned to Hon. John A. Mendez*<br><br>Date: March 13, 2018<br>Time: 1:30 p.m.<br>Courtroom: 6 |

In connection with preliminarily approving a class-wide Settlement reached in the within Action, the Court scheduled a Final Fairness Hearing for March 13, 2018.[1] The Court directed Plaintiff Paul Story to file a motion for final approval by January 26, 2018. The Court also directed Plaintiff to file a motion for approval of any Attorney's Fees and Expenses, as well as any Service Award for the Class Representative, by January 26, 2018, to be heard at the same time as the motion for final approval.

Pursuant to the Court's directive, Plaintiff timely filed a "Motion for Final Approval of Class-Action Settlement" and a "Motion for Attorneys' Fees and Expenses and Service Award to Class Representative," both of which came on for hearing in courtroom 6 of the above-captioned Court on March 13, 2018. Having read all of the papers filed in connection therewith, as well as all of the evidence and argument submitted with respect to the proposed Settlement, the Court finds that the proposed Settlement is fair, reasonable, and adequate. **IT THEREFORE IS ORDERED AS FOLLOWS**:

1. The Court has jurisdiction over the subject matter of the Action, all claims raised therein, the Parties, and the Class.

2. The Motion for Final Approval of Class-Action Settlement is granted; the Court certifies a Settlement Class consisting of all Class Members—defined as all persons throughout the United States who, during the Class Period, received at least one prerecorded- or artificial-voice telephone call on their respective cellular or landline telephones from Defendant, or from any person or entity acting on behalf of Defendant, made for a marketing or advertising purpose—who did not submit Requests for Exclusion pursuant to the procedure set forth in the Settlement Agreement; and, upon the Effective Date, all Settlement Class Members therefore shall have released the Released Parties from the Released Claims. For the purpose of settlement only, the Court finds that certification of the Settlement Class is appropriate because (a) the Settlement Class is ascertainable and sufficiently numerous; (b) there are questions of law and fact that are common to the Settlement Class, and those questions predominate over any questions affecting individual Settlement Class Members; (c) Plaintiff's claims are typical of

---

[1] Unless otherwise noted, all capitalized terms used herein have the meanings set forth in the Settlement Agreement attached as Exhibit 1 to the "Declaration of David Zelenski in Support of Plaintiff's Motion for Preliminary Approval of Class-Action Settlement."

the claims of the Settlement Class; (d) Plaintiff and Class Counsel are adequate representatives of the Settlement Class; and (e) a class action is superior to other available methods for adjudicating the Action. Furthermore, the Court finds that (a) the terms of the Settlement Agreement are fair and reasonable to the Settlement Class when balanced against the probable outcome of further litigation relating to class certification, liability and damage issues, and potential appeals; (b) Class Counsel is experienced in class-action litigation, including litigation under the Telephone Consumer Protection Act ("TCPA"); (c) significant investigation was undertaken, and significant information was exchanged, enabling Plaintiff and Defendant to reasonably evaluate one another's positions; (d) approving the Settlement Agreement will avoid the substantial costs, delay, and risks that would be presented by further litigation; and (e) the terms of the Settlement Agreement were the result of intensive, serious, and non-collusive negotiations between Plaintiff and Defendant, including two days of private mediation. The Court therefore appoints Glancy Prongay & Murray LLP and the Jaurigue Law Group as Class Counsel, and appoints Paul Story as the Class Representative.

3. The Settlement Class consists of all Class Members who did not submit Requests for Exclusion pursuant to the procedure set forth in the Settlement Agreement. The Court finds that there are a total of 35,335 Class Members. The Court further finds that, as of the date of this Final Order, with only one week left until the Claims Deadline of March 20, 2018, and based on the supplemental report that Plaintiff filed as required on March 6, 2018, approximately 7,647 valid Claim Forms have been submitted—a relatively large response for TCPA class actions. The Court further finds that only two Class Members attempted to exclude themselves from the Settlement Class but that neither of these individuals submitted a Request for Exclusion pursuant to the procedure set forth in the Settlement Agreement. Furthermore, the Court finds that only one Settlement Class Member submitted an objection to the Settlement Agreement. The Court has carefully considered that objection; finds that it is untimely and that it, in any event, is frivolous (since it does not challenge the fairness of the Settlement); and overrules it. These findings support final approval of the Settlement Agreement.

4. Under the terms of the Settlement Agreement, Defendant has agreed to pay $3,750,000.00 as the Settlement Fund. The Settlement Fund is non-reversionary, meaning that no portion of it shall revert to Defendant. The Settlement Fund will be used to pay Settlement Class

Members' respective Individual Settlement Payments, the Service Award for the Class Representative, Class Counsel's Attorney's Fees and Expenses, and the Settlement Administration Expenses. The amounts of the Service Award, the Attorney's Fees and Expenses, and the Settlement Administration Expenses are discussed below. After deducting the Service Award, the Attorney's Fees and Expenses, and the Settlement Administration Expenses, $2,641,063.40 of the Settlement Fund remains. Under the terms of the Settlement Agreement, this amount—the Net Settlement Fund—will be distributed *pro rata* to Settlement Class Members who submitted valid Claim Forms, with each such Settlement Class Member receiving up to $500.00. In other words, each Authorized Claimant will receive an amount equal to the Net Settlement Fund divided by the total number of Authorized Claimants, up to a maximum of $500.00. The Court finds that there are approximately 7,647 Authorized Claimants. Based on the $2,641,063.40 Net Settlement Fund, and pursuant to the distribution methodology set forth in the Settlement Agreement, the Court finds that each Settlement Class Member likely will receive an Individual Settlement Payment of approximately $345.37. This finding supports final approval of the Settlement Agreement.

5. Under the Settlement Agreement, all amounts remaining in the Net Settlement Fund after payment of all Individual Settlement Payments, plus any Individual Settlement Payments that are not redeemed within the time set forth in the Settlement Agreement, comprise the Residual Fund. The Court finds that, based on the number of Authorized Claimants, the Residual Fund will consist solely of Individual Settlement Payments that have not been redeemed within the time set forth in the Settlement Agreement. The Settlement Agreement contemplates that, instead of being returned to Defendant, the Residual Fund shall be paid to a *cy près* recipient. The Court also has been advised that the Parties have agreed on Public Counsel as the *cy près* recipient. The Court finds that this entity is involved in the area of consumer-protection law, which establishes a driving nexus between the entity and the Settlement Class. This finding supports final approval of the Settlement Agreement.

6. The Court finds that the Settlement Administrator delivered the Class Notice to the Class following the procedures set forth in the Settlement Agreement; that the Class Notice and the procedures followed by the Settlement Administrator constituted the best notice practicable under the circumstances; and that the Class Notice and the procedures contemplated by the Settlement Agreement

were in full compliance with the laws of the United States and the requirements of due process. These findings support final approval of the Settlement Agreement.

7.  Under the Settlement Agreement, Plaintiff is permitted to seek up to $5,000.00 from the Settlement Fund as a Service Award, in recognition of the time and effort that he expended in pursuing the Action and fulfilling his obligations as the Class Representative, and of the benefits conferred on all Class Members by the Settlement. Plaintiff has requested that amount. The Court finds that $5,000.00 is a fair and reasonable incentive award in light of the work that he provided in the Action, the results that were obtained under the Settlement Agreement, and the risks that he incurred in prosecuting the Action. The Court further finds that $5,000.00 is a fair and reasonable incentive award because it comports with incentive awards made in other TCPA class-action settlements. Accordingly, the Court approves that amount as the Service Award and directs that it be paid pursuant to the terms of the Settlement Agreement.

8.  Under the Settlement Agreement, Class Counsel is permitted to seek up to twenty-five percent of the Settlement Fund, *i.e.*, $937,500.00, plus costs and expenses, as Attorney's Fees and Expenses. Class Counsel has requested $937,500.00 in attorney's fees and $24,436.60 in actual costs and expenses. The Court finds that these amounts are reasonable and supported by adequate documentation. Accordingly, the Court approves those amounts as Attorney's Fees and Expenses, and directs that they be paid pursuant to the terms of the Settlement Agreement.

9.  Under the Settlement Agreement, the Settlement Administrator is to be paid its reasonably incurred fees and expenses from the Settlement Fund for the Settlement Administration Expenses. The Settlement Administrator has requested $142,000.00 for its fees and expenses. The Court finds that this amount is reasonable. Accordingly, the Court approves up to that amount as the Settlement Administration Expenses and directs that it be paid pursuant to the terms of the Settlement Agreement.

/ / / / /

10. The Individual Settlement Payments, the Service Award, the Attorney's Fees and Expenses, and the Settlement Administration Expenses shall be paid pursuant to the terms of the Settlement Agreement. Except as otherwise provided herein, the Parties shall bear their own costs and attorney's fees.

**IT IS SO ORDERED.**

Dated: 3-13-2018

Hon. John A. Mendez
U.S. District Judge

5
[PROPOSED] ORDER GRANTING FINAL APPROVAL – Case No. 14-CV-02422